UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 99-257 CAS |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE |
| ANTHONY SEIDES GAINES, | |
| Defendant. | |

    On March 18, 1999, a federal grand jury returned a nine-count indictment charging defendant Anthony Seides Gaines and co-defendants Alonzo Patrick, aka "June" and "Baby H," Yvette Crystal Wade, Antonio Dean Blackstone, aka "Lil' Sule," Alfonso Lezine, aka "Bandit," Dereck Ricardo Hoskins, and Kareem Longsworth, aka "Lil' Greyhead." (See Gov. Opp., Exhibit 2). Defendant was charged in all counts. Count one of the indictment charged that defendant conspired with his co-defendants to rob K Mart stores in violation of 18 U.S.C. § 1951. Defendant also was charged with four counts of violating 18 U.S.C. § 1951, interference with commerce by robbery of four K Mart stores, and four counts of using and carrying a firearm during a crime of violence, that being the robbery of four K Mart stores, in violation of 18 U.S.C. § 924(c).

Trial commenced on July 29, 1999. On August 19, 1999, defendant was convicted by a jury of one count of conspiracy to interfere with commerce by robbery of K Mart stores, four counts of interference with commerce by robbery of K Mart stores in violation of 18 U.S.C. § 1951, and four counts of using and carrying a firearm during a crime of violence, that being the robbery of four K Mart stores, in violation of 18 U.S.C. § 924(c).

A Presentence Report ("PSR") was prepared and disclosed on November 22, 1999. The PSR provided a multiple count adjustment analysis and determined that the combined adjusted offense level for all the counts was a level 34. (PSR at ¶¶ 89-102). Defendant's criminal history was determined to be a category IV. The applicable Guideline range was 210 to 262 months imprisonment, plus an additional 780 months imprisonment to run consecutively pursuant to 18 U.S.C. § 924(c). (PSR at 2). On December 21, 1999, defendant was sentenced to 990 months imprisonment, three years supervised release, restitution of $160,180, and a $900 special assessment. The Ninth Circuit affirmed his convictions and sentence.

Defendant moves to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides an avenue for a defendant to modify a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. In the instant case, defendant contends that he improperly received a five-level guideline enhancement pursuant to United States Sentencing Guidelines ("USSG") § 2B3.1(b)(2)[1] for possession, brandishing, use, or discharge of a firearm during a Hobbs Act robbery (a violation of 18 U.S.C. §1951), because he was already penalized for this conduct when he was convicted of a violation of 18 U.S.C. § 924(c), use and carrying of a firearm during and in relation to a crime of violence. (Mot. at 4-7). He argues that Amendment 599 to USSG § 2K2.4(a) changed § 2K2.4(a)

---

[1] The current language of USSG § 2B3.1(b) and its application notes are different from the language that existed in 1999. Hereinafter references to § 2B3.1(b) are to the 1998 version of the Sentencing Guidelines attached hereto as Exhibit 1.

after he was sentenced, thereby entitling him to be sentenced at a lower guideline range than that to which he was sentenced.

For the reasons set forth below, the Court finds and concludes that the petition should be denied.

Count one of the indictment is a conspiracy count. The conspiracy to commit Hobbs Act robberies contains numerous overt acts. Overt acts 26 through 29 relate to a robbery that is not charged in any of the other counts of conviction. Overt acts 26 through 29 relate to the January 19, 1998 robbery of the K Mart store located at 902 West Sepulveda Boulevard, Harbor City, California ("the Sepulveda store"). Co-defendant Alfonzo Lezine and Witness C committed an armed robbery of the Sepulveda store. (PSR at ¶ 48). Co-defendants Wade and Patrick sat outside the store and acted as lookouts. (PSR at ¶ 51). After the robbery, defendant, Patrick, Wade, Lezine, and Witness C met and divided the money. (Id.). The January 19, 1998 robbery of the Sepulveda store is not charged separately as a violation of 18 U.S.C. § 1951, and it is not charged as the underlying crime of violence for a violation of 18 U.S.C. § 924(c). As a result, the PSR applied a five-level enhancement for use of a firearm, pursuant to § 2B3.1(b)(2), for the January 19, 1998 robbery of the Sepulveda store when calculating the total offense level for count one. (PSR at ¶ 83). The underlying conduct for count two, a Hobbs Act robbery in violation of 18 U.S.C. § 1951, involved the May 25, 1997 robbery of the K Mart store located at 11507 South Western Avenue, Los Angeles, California ("the South Western robbery"). Count three, a violation of 18 U.S.C. § 924(c), relates to use and carrying a firearm during and in relation to the South Western robbery. Because defendant was convicted of the § 924(c) charge, pursuant to USSG § 2K2.4(a), application note 2, the PSR did not apply a five-level Sentencing Guideline enhancement for brandishing, displaying, and possession of a firearm during the South Western robbery. The underlying conduct for count four, a Hobbs Act robbery in violation of 18 U.S.C. § 1951, involved the October 11, 1997 robbery of the K Mart store located at 19330 Hawthorne Boulevard, Torrance,

California ("the Torrance robbery"). Count five, a violation of 18 U.S.C. § 924(c), relates to use and carrying a firearm during and in relation to the Torrance robbery. Because defendant was convicted of the § 924(c) charge, pursuant to §2K2.4(a), application note 2, the PSR did not apply a five-level Sentencing Guideline enhancement for brandishing, displaying, and possession of a firearm during the Torrance robbery.

The underlying conduct for count six, a Hobbs Act robbery in violation of 18 U.S.C. § 1951, involved the November 9, 1997 robbery of the K Mart store located at 11507 South Western Avenue, Los Angeles, California ("the November South Western robbery"). Count seven, a violation of 18 U.S.C. § 924(c), relates to use and carrying of a firearm during and in relation to the November South Western robbery. Because defendant was convicted of the § 924 (c) charge, pursuant to §2K2.4(a), application note 2, the PSR did not apply a five-level Sentencing Guideline enhancement for brandishing, displaying, and possession of a firearm during the November South Western robbery.

The underlying conduct for count eight, a Hobbs Act robbery in violation of 18 U.S.C. § 1951, involved the robbery of the K Mart store located at 8801 South La Cienega, Inglewood, California ("the Inglewood robbery"). Count nine, a violation of 18 U.S.C. § 924(c), relates to use and carrying a firearm during and in relation to the Inglewood robbery. Because defendant was convicted of the § 924 (c) charge, pursuant to §2K2.4(a), application note 2, the PSR did not apply a five-level Sentencing Guideline enhancement for brandishing, displaying, and possession of a firearm during the Torrance robbery.

Defendant did not receive an increase in his guideline range for use or carrying of a firearm during a Hobbs Act robbery that was also the underlying crime of violence for a § 924(c) conviction. Consequently, there is no basis to grant defendant's motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582 (c)(2).

Defendant's assertion that Amendment 599 prohibited the use of the applicable

guideline sentencing enhancement pursuant to USSG § 2B3.1(b)(3) for possession, use, or brandishing of a firearm during a robbery when a defendant has also been convicted of a violation of 18 U.S.C. § 924(c) for the same conduct is incorrect. Section 2K2.4 of the Sentencing Guidelines is the applicable guideline to be used to calculate sentences for violations of 18 U.S.C. § 924(c). Section 3B2.1 is the applicable guideline used to calculate the guideline range for robberies. Section 2B3.1(b)(2) is the enhancement for brandishing, displaying, or possessing a firearm during a robbery. Application note 2 of § 2K2.4 states that when a sentence under § 2K2.4 is imposed in conjunction with a sentence for an underlying offense, then any specific offense characteristic for possession, use, or discharge of an explosive or firearm is not to be applied to the guideline for the underlying offense. In other words, if the defendant is convicted of a violation of 18 U.S.C. § 924(c), then no enhancement for possession, use, and discharge of a firearm should be applied to the calculation of the guideline range for the underlying crime in which the firearm was possessed, used, or discharged. This Application note was in existence at the time that defendant was sentenced. While Amendment 599 revised portions of application note 2, the revisions do not impact defendant's sentence.

When the Probation Office prepared the PSR it was aware of § 2K2.4 application note 2 and did not apply the enhancement for possession, use, and display of a firearm to the robberies that were the underlying conduct for the § 924 (c) convictions, that is counts two, four, six, and eight. (PSR at §§ 64 and 76). The only application of § 2B3.1(b)(2) was in regard to count one, the conspiracy count. The Probation Officer applied it only to count one because the January 1998 robbery described in overt acts 26 through 29 was not charged as the underlying crime of violence for a § 924 (c) charge. Therefore, the sentencing range for a Hobbs Act robbery violation was not lowered after defendant was sentenced, and 18 U.S.C. §3582(c)(2) is not applicable.

Based on the foregoing, the Court denies defendant's Motion to Modify

Defendant's Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

Dated: December _3_, 2008

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE