
                                                                        O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 99-257 CAS |
| Plaintiff(s), ) | |
| vs. ) | ORDER DENYING DEFENDANT'S MOTION TO REOPEN TIME LIMITATION TO FILE NOTICE OF APPEAL |
| ANTHONY SEIDES GAINES, ) | |
| Defendant(s). ) | |
| _____ ) | |

I.   FACTUAL BACKGROUND

Defendant Anthony Seides Gaines filed a motion to Modify Defendant's Term of Imprisonment pursuant to 18 U.S.C. § 3582(C)(2) on or about July 24, 2008. The government filed its response on October 26, 2008. On December 4, 2008, this Court issued an order denying defendant's motion. According to defendant, he did not learn about the denial of his motion until approximately March 11, 2009, when he used a computer at the law library at United States Penitentiary at Victorville, California, to

check the status of his case.[1]  (Mot. at 2).

Defendant filed the instant motion seeking additional time to file his notice of appeal based on the fact that he did not receive a copy of this Court's order, and was therefore not able to timely file his appeal.  Defendant's instant motion was filed on April 16, 2009.  Defendant seeks additional time to file his notice of appeal, asserting extraordinary circumstances.  This Court issued a minute order setting a briefing schedule on April 27, 2009.  The government filed its opposition on May 26, 2009.  Defendant failed to file a reply.  Defendant's motion is now before the Court.

II.   THE COURT LACKS JURISDICTION TO GRANT DEFENDANT THE REQUESTED RELIEF

Federal Rule of Appellate Procedure 4(b)(1) sets forth the time for filing a notice of appeal in a criminal case.  Section 4(b)(1)(A) states as follows:

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
>
> (i) the entry of either the judgment or the order being appealed; or
>
> (ii) the filing of the government's notice of appeal.

A judgment or order is deemed to be entered when it is entered on the criminal docket.  See F.R.A.P. 4(b)(6).

Rule 4(b)(4) permits a party to seek an extension of time to file a notice of appeal.  Rule 4(b)(4) states in relevant part:

> Upon a finding of excusable neglect or good cause, the district

---

[1] Correctional Counselor B. Cintora verified that as of March 24, 2009, defendant had not received any legal mail from the court regarding this case.  (See Letter from Correctional Counselor B. Cintora attached to defendant's motion).

2

>court may — before or after the time has expired, with or without motion and notice — extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by 4(b).

The government argues that because the time limits contained in Federal Rule of Appellate Procedure Rule 4 are mandatory and jurisdictional, this Court and the Court of Appeals lack jurisdiction to grant defendant relief. The deadlines for filing a notice of appeal in a criminal case are contained in Rule 4(b). The government relies on United States v. Arevalo, 408 F.3d 1233, 1236 (9th Cir. 2005), citing United States v. Houser, 804 F.3d 565, 568 (9th Cir. 1986), which states that "[t]he time limits on filing a notice of appeal are 'mandatory and jurisdictional.'"

In Bowles v. Russell, 551 U.S. 205, 207 (2007), cited by the government, petitioner sought habeas relief which was denied by the district court. After the entry of the final judgment, under Rule 4(a)(1)(A) pertaining civil appeals, Bowles had thirty days in which to file a notice of appeal. He failed to do so. Id. Bowles later moved to reopen the period during which he could file his notice of appeal pursuant to Rule 4(a)(6), which allows district courts to extend the period for filing for fourteen days from the date that the court grants the request to reopen. Id. The district court granted the request, but mistakenly gave Bowles seventeen days to file his notice of appeal instead of fourteen days. Id. Even though Bowles filed his notice of appeal within the time allowed by the district court, the Supreme Court, over a strong dissent, upheld the appellate court's determination that the district court lacked jurisdiction, because Bowles did not file the notice of appeal within the time limit set forth in Rule 4(a). Id. at 213-14.[2]

---

[2] Justice Souter's dissent, joined by Justices Stevens, Breyer and Ginsberg, argued that Bowles is inconsistent with at least three recent Supreme Court cases holding that various statutory time limits are neither mandatory or jurisdictional. Of these cases, it
(continued...)

Here, defendant failed to file his notice of appeal within the time period prescribed by Rule 4(b). This Court's order denying defendant's § 3582(c)(2) motion was entered on the docket on December 4, 2008. (See Ex. 1 at Criminal Docket 542). Defendant had ten days from December 4, 2008, to file his notice of appeal. He did not file the notice of appeal within that time period because he contends that he did not receive notice in the mail of the denial of his § 3582(c)(2) motion within ten days of the entry of the order. Pursuant to Rule 4(b)(4), defendant could have applied for an

---

[2](...continued)
appears Eberhart v. United States, 546 U.S. 12, 15-19 (2005) is most relevant. In Eberhart, following his conviction at trial, defendant moved for a judgment of acquittal, or in the alternative, a new trial. The motion, which was timely filed, raised a single ground for relief. Six months later, defendant filed a supplemental memorandum raising two new grounds for relief. The trial court granted the motion for new trial, observing that all three grounds in combination informed the result. The government appealed and the Seventh Circuit reversed, finding that the district court did not have jurisdiction to consider the grounds first raised in the supplemental memorandum filed more than seven days after entry of judgment because Fed. R. Crim. Pro. 45(b)'s prohibition on extensions is "mandatory and jurisdictional." The Supreme Court reversed, finding that the prohibition in Rule 45(b) is neither mandatory or jurisdictional. However, it appears that Eberhart may be distinguished to the extent that the court's consideration of the late-raised grounds for appeal can be rationalized as consideration of arguments that related back to the timely-filed notice of appeal.

The other cases relied upon by the minority are likewise distinguishable. In Scarborough v. Principi, 541 U.S. 401, 412 (2004), the court held that a timely-filed, but defective application for attorneys' fees under the Equal Access to Justice Act could be amended after the 30-day filing period to allege that the government's position in the underlying litigation lacked substantial justification, thereby curing the defect in the application. And in Kontrick v. Ryan, 540 U.S. 443, 445 (2004), the Supreme Court held that a debtor in bankruptcy could waive Fed. Rule Bkrtcy. Proc. 4004(b), requiring creditors to file a complaint objecting to the debtor's discharge within 60 days after the first date set for the meeting of creditors by failing to object to a late-filed complaint. Here, by contrast, the government is objecting to defendant's request to enlarge the time for appeal at the earliest practicable time, and defendant has first sought to enlarge his time to appeal after the Court has lost jurisdiction to grant relief.

4

extension of time to file his notice of appeal based on excusable neglect or good cause. If he had done so, the district court would have had the authority to grant an extension of time based on excusable neglect or good cause for up to thirty days from the expiration of the ten days. However, he could only have obtained an extension of time to file his notice of appeal if he applied for and received the extension within thirty days from the expiration of the ten-day period. Moreover, he also would have had to file the notice within that thirty-day time period. Defendant filed his request for an extension of time to file his notice of appeal on April 16, 2009, well after time periods set by Rule 4(b)(1) and (b)(4) had expired. Because defendant did not file his request for an extension of time to file a notice of appeal within the time periods set in Rule 4(b)(1) and 4(b)(4), the granting of any extension of time by this Court would be futile, because the Ninth Circuit Court of Appeals now does not have jurisdiction to hear defendant's appeal.

III. CONCLUSION

Based on the foregoing, the Court DENIES defendant's Motion to Reopen Defendant's Time To File a Notice of Appeal.

IT IS SO ORDERED

Dated: October 26, 2009

                                                            CHRISTINA A. SNYDER  
                                                            UNITED STATES DISTRICT JUDGE